168 N.J. Super. 128 (1979)
401 A.2d 1118
GERRIT J. DIJKSTRA AND MARIE DIJKSTRA, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
JAN WESTERINK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 27, 1979.
Decided May 9, 1979.
*131 Before Judges LYNCH, CRANE and HORN.
Messrs. Brenman & Piper, attorneys for appellants (Mr. Martin N. Piper on the brief).
Messrs. Morris and Hantman, attorneys for respondent (Mr. Allen Hantman on the brief).
*132 The opinion of the court was delivered by LYNCH, P.J.A.D. (retired, temporarily assigned).
Gerrit J. Dijkstra[1] instituted an action against defendant Jan Westerink for libel and slander, malicious use and abuse of process and invasion of privacy. Dijkstra claimed that defendant falsely accused him, in a statement to the police, of being the assailant in an attempted shooting of defendant.
After defendant had reported to the authorities that he found a bullet hole in the wall of his garage, the police began an investigation. Defendant gave a statement to the police which named Dijkstra as an "enemy" and which implicated him in the alleged crime. After further investigation of Dijkstra the police issued a search warrant and executed it at plaintiff's home. Plaintiff alleges defendant initiated the police investigation which resulted in the search and caused Dijkstra and his wife to lose most of their friends.
At trial, plaintiff and his wife testified. Defendant's motion to dismiss the complaint at the end of plantiff's case was granted. This appeal followed.
We affirm the dismissal of plaintiff's complaint, but we do so for reasons other than those given by the trial judge.

A

As to libel and slander.
In an oral opinion the trial judge gave these reasons for granting defendant's motion for involuntary dismissal: (1) defendant in his statement to the police did not name plaintiff as the assailant, but rather plaintiff's name was suggested by the police; (2) there was no evidence that the statement was false, and (3) defendant's statement to the police was absolutely privileged.

*133 (1)

Identification of plaintiff in defendant's statement.
It is true that in the earlier part of his statement to the police defendant hesitated to name plaintiff as the one who shot at him. Later in the statement the police suggested the name of Dijkstra and defendant stated: "* * * * that is the name I am thinking of * * *."
In any event the actual naming of plaintiff is not a necessary element in an action for libel. It is enough that there is such reference to him that those who read or hear the libel reasonably understand the plaintiff to be the person intended. Restatement, Torts 2d, § 564, Comment (a) (1977); Prosser, Law of Torts (4 ed. 1971), § 111 at 749 (hereafter cited as Prosser); see Gnapinsky v. Goldyn, 23 N.J. 243, 253 (1957); Mick v. American Dental Ass'n, 49 N.J. Super. 262, 286 (App. Div. 1958); Kilpatrick v. Edge, 85 N.J.L. 7 (Sup. Ct. 1913). See also, Coleman v Newark Morning Ledger Co., 29 N.J. 357 (1959), where plaintiff was not named and the issue as to identification was not even raised.
Here there was sufficient reference to Dikjstra in defendant's statement for the issue of identification to be submitted to the jury if the case were to reach that point. Therefore, this ground of the trial judge's decision was erroneous.

(2)

Alleged lack of proof that defendant's statement was false.
The words sued upon charged the commission of a crime. Therefore they were defamatory and libelous per se. As said in Odgers, The Law of Libel and Slander (2 ed. 1887), 130 (hereafter cited as Odgers):
The falsehood of all defamatory words is presumed in plaintiff's favour, and he need give no evidence to show they are false; * * *. *134 See also Prosser, supra, § 19 at 798; Bigelow, A Digest of the Law of Libel and Slander (1 ed. 1881) 155, Gatley on Libel and Slander (5 ed. 1960), § 254 at 154 (hereafter cited as Gatley); 50 Am. Jur.2d, Libel and Slander, § 464 at 988 (1970).
Since falsity of defendant's statement was presumed, the trial judge erred in holding that plaintiff must prove that defendant's words were false.

(3)

The defense of privilege.
The absolute privilege found by the trial judge was based upon his concept that defendant's statement was part of a judicial proceeding. His reasoning was that defendant's statement was the basis on which the police applied for and obtained a search warrant for the search of plaintiff's home. As the judge put it: "The legal proceedings started when the police started their investigation to determine whether or not they would apply for a search warrant."
We disagree. The obtaining of defendant's statement by the police was part of their preliminary investigation prior to any judicial proceeding. The parameters of such a proceeding to support absolute immunity were suggested in Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552 (1955), when the court expressed the policy reasons justifying such a privilege:
* * * the potential harm which may result from the absolute privilege is somewhat mitigated by the formal requirements such as notice and hearing, the comprehensive control exercised by the trial judge whose action is reviewable on appeal, and the availability of retarding influences such as false swearing and perjury prosecutions; * * *. [at 562]
None of the safeguards justifying an absolute privilege was present when defendant gave his statements to the police. To be absolutely privileged as being made in a "judicial *135 proceeding" a statement must be made "in the course" of such a proceeding. Odgers, supra at 141-142; Gatley, supra, § 277 at 164-165. And the immunity granted thereby does not cover publications made before commencement of the judicial proceeding. Prosser, supra § 144 at 780. See the discussion in Devlin v. Greiner, 147 N.J. Super. 446, 456-460 (Law Div. 1977).
Thus defendants statements to the police were not absolutely privileged, as held by the trial judge.
However, the statements were qualifiedly privileged. That privilege is defined as:
A communication "made bona fide upon any subject [-matter] in which the party communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, although it contains criminatory matter which, without this privilege, would be slanderous and actionable"; the "fundamental test is the bona fides of the communication," and it is not privileged when the person making it has "full knowledge of its untruthfulness." Lawless v. Muller, 99 N.J.L. 9 (Sup. Ct. 1923). [Coleman v. Newark Morning Ledger Co., 29 N.J. 357, 375-376 (1959)]
Within such concept are communications by private citizens giving information to proper authorities for the prevention or detection of crime. Prosser, supra § 115 at 791; Odgers, supra at 167; Gatley, supra, § 342 at 201.
A fair statement of the policies underlying such a privilege is stated in 50 Am. Jur.2d, Libel and Slander, supra, § 214 at 726:
It is the duty of citizens to give to police or other officers such information as they may have respecting crimes which have been committed, and public policy requires that communications of this kind, at least if made in good faith, be protected as privileged. Consequently, a communication to a law enforcement officer is generally held to be qualifiedly privileged if it is made in good faith for the purpose of helping to bring a criminal to justice, and statements made to an officer in the course of his investigation of a crime are privileged, at least in the absence of a malicious motive.
*136 For cases holding that communications to police concerning a crime and qualifiedly privileged, see Cashen v. Spann, 125 N.J. Super. 386, 404 (App. Div. 1973), mod. on other grounds 66 N.J. 541 (1975). See also, Hutchinson v. New England Tel. and Tel. Co., 350 Mass. 188, 214 N.E.2d 57 (Sup. Jud. Ct. 1966); Taylor v. Chambers, 2 Ga. App. 178, 58 S.E. 371 (Ct. App. 1907). See also, Sokolay v. Edlin, 65 N.J. Super. 112 (App. Div. 1961).
Such was the communication by defendant in his statement to the police concerning plaintiff. Therefore it was qualifiedly, not absolutely, privileged.
As the cited authorities state, a qualified privilege may be overcome only by a showing that the statements by defendant were made with actual malice. Coleman v. Newark Morning Ledger Co., supra, 29 N.J. at 373-375; Rogozinski v. Airstream By Angell, 152 N.J. Super. 133 (Law Div. 1977), mod. on other grounds 164 N.J. Super. 465 (App. Div. 1979).
Here the trial judge expressly found that there was no evidence that defendant's statements were made with malice. With that finding we agree. Indeed the trial judge found that defendant tried to withhold naming plaintiff as the one who shot at him. Plaintiff failed to overcome the qualified privilege covering defendant's statements. Accordingly the dismissal of the complaint charging libel and slander and entry of judgment for defendant, on this ground, is affirmed.

B

As to invasion of privacy.
A cause of action for invasion of privacy is subject to the defense of qualified privilege to the same extent as in defamation actions. See Devlin v. Greiner, supra, 147 N.J. Super. at 461-465; Restatement, Torts 2d supra, § 652G. Since we have found that qualified privilege has been sustained as to the complaint insofar as it charges libel and *137 slander it follows that judgment in favor of defendant on this charge of invasion of privacy is likewise proper.

C

As to malicious prosecution.
There is no merit whatever in plaintiff's contention on this issue. Plaintiff did not prove, as he must, that defendant instituted a civil or criminal complaint against him. Penwag Property Co., Inc. v. Landau, 76 N.J. 595 (1978). Further, he failed to prove actual malice on defendant's part. See Rainier's Dairies v. Raritan Valley Farms, Inc., supra, 19 N.J. 552 at 265, 266; Mayflower Industries v. Thor Corp., 15 N.J. Super. 139, 151 (Ch. Div. 1951), aff'd 9 N.J. 605 (1952). For these reasons the dismissal of the complaint insofar as it charges malicious use and abuse of process is also affirmed.

Conclusion
The judgment in favor of defendant is affirmed on the grounds that plaintiff has failed to overcome defendant's qualified privilege by proof of actual malice on the part of defendant, and has failed to prove the necessary elements of malicious prosecution.
NOTES
[1] The plaintiff referred to herein is plaintiff Gerrit J. Dijkstra.