JACOB WEISNER, DEFENDANT IN ERROR, v. CHRISTIAN HANSEN, PLAINTIFF IN ERROR.

Submitted March 27, 1911—Decided June 22, 1911.

1. In an action for malicious prosecution, uncontroverted evidence that the charge upon which the plaintiff was prosecuted was false, so far as the plaintiff's responsibility for the matters alleged against him was concerned, is sufficient to justify an inference against the defendant of malice and want of probable cause.
2. When the question of the existence or non-existence of probable cause for instituting a criminal prosecution depends partly upon undisputed facts, and partly upon facts which are in dispute, and which must be determined from the evidence in the cause, such question is not one of law to be resolved by the court, but one of fact to be settled by the jury under proper instructions. .

---

On error to the Supreme Court.

For the plaintiff in error, *Samuel Koestler*.

For the defendant in error, *Alfred A. Stein*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ of error in this case brings up a judgment of the Supreme Court affirming a judgment of the Elizabeth District Court in an action brought by the defendant in error against the plaintiff in error for malicious prosecution. The case was tried by the court without a jury, and resulted in favor of the plaintiff below. At the trial of the case, the defendant below moved for a nonsuit at the close of the plaintiff's case. This motion was refused. When the case was closed on both sides, he requested a finding by the court, as a matter of law, that, upon the undisputed facts, want of probable cause for the institution of the original proceeding did not appear, or any malice on the part of the defendant in bringing it. This request was also refused.

The principal contention of the plaintiff in error in the Supreme Court was that both in the refusal to nonsuit, and in the refusal to find as requested, there was injurious error, and the holding of the Supreme Court to the contrary is the main ground upon which he now seeks to reverse the judgment before us.

The proofs submitted at the trial on the part of the plaintiff showed that he had been arrested upon a charge made by the defendant, that he (the plaintiff), while in possession of the defendant's house as tenant, willfully and maliciously defaced the walls thereof, partially destroyed certain gas fixtures therein and removed a kitchen mantel from its place against the wall; that he (the plaintiff) was bound over for appearance before the grand jury upon that charge; and that the charge was subsequently and before the commencement of this suit ignored by that body. The plaintiff's proofs further showed that he surrendered possession of defendant's property a day or two before his arrest; that when he did so the walls were not defaced, and the gas fixtures and the kitchen mantel were in the same condition as they were when his tenancy began. They further show that he knew nothing of the alleged injury to the premises until his arrest, and was not connected therewith in any way.

By refusing the motion to nonsuit, the trial judge, by necessary inference, held, as matter of law, upon the proofs submitted, that the criminal prosecution against the plaintiff was ended by the *ignoramus* of the grand jury; that it was instituted by the defendant without reasonable or probable cause; and that the defendant was actuated by a malicious motive in making the charge; for all of these elements were required to be present in order to support the plaintiff's action. *Apgar* v. *Woolston*, 14 *Vroom* 57; *O'Brien* v. *Frasier*, 18 *Id.* 349; *Magowan* v. *Rickey*, 35 *Id.* 402.

That the action of the grand jury terminated the criminal prosecution is entirely settled. *Potler* v. *Casterline*, 12 *Vroom* 23; *Apgar* v. *Woolston*, *supra*.

We also think it plain that when the motion to nonsuit was made, lack of probable cause for making the charge and a malicious motive were clearly proved.

Uncontroverted evidence had been offered which showed that the charge itself was false so far as the responsibility of the plaintiff for the alleged injury to the premises was concerned, and that alone was sufficient to justify an inference of malice and want of probable cause. *Navarino* v. *Dudrap*, 37 *Vroom* 620.

In addition, the fact that when the plaintiff surrendered possession of the premises they were in the same condition as when he moved into them, was evidence either that the injury to them which was the basis of the charge against him was non-existent, or, if it did exist, that the defendant had no good reason to believe that the plaintiff was in any way responsible for it. When a party makes a criminal charge against another without having reasonable ground for believing it to be true, the presumption is that in doing so he is actuated by a malicious motive. When the charge is unfounded, and is purposely made without the existence of probable cause, the general malice sufficient to sustain an action for criminal prosecution is inferable. *McFadden* v. *Lane*, 42 *Vroom* 624.

We conclude, therefore, that the motion to nonsuit was properly denied.

We are also of opinion that the refusal of the trial judge to find, as a matter of law, upon the undisputed facts, that the defendant had probable cause for instituting the prosecution against the plaintiff, was proper. Whether he had such cause or not depended partly upon the undisputed facts in the case, partly upon facts which were in dispute, and which were required to be determined by the judge from the evidence, exercising in that regard the function of a jury, and partly upon facts and inferences to be deduced by the judge in the exercise of the same function from circumstances connected with the conduct of the parties.

The real question which the case presented at the time when this request was submitted, was whether from all the facts in the case, both those which were not in dispute and those which were settled by the court, probable cause for instituting the prosecution against the plaintiff appeared; and this question was the question which the trial judge decided.

With relation to the matter of evidence considered by the Supreme Court, upon which its determination is brought up by this writ, we concur in the conclusion expressed in the opinion delivered by that tribunal.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ.    11.

*For reversal*—None.