EDMUND WILSON, ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, INFORMANT, v. WILLIAM I. THOMPSON AND WILLIAM W. HAWKE.

EDMUND WILSON, ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, INFORMANT, v. EDWIN W. HARLAN AND CHARLES A. MEEKER.

EDMUND WILSON, ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, INFORMANT, v. CHARLES F. JONES AND HENRY A. HULL.

Argued May 17, 1912—Decided June 3, 1912.

By inspection of informations in the nature of a *quo warranto*, filed by the attorney-general, *ex officio*, and on behalf of the state, it appears that the New Jersey State Dental Society was incorporated in 1873 by act of the legislature (*Pamph. L.* 1873, *p.* 932) ; that section 2 of an act to regulate the practice of dentistry (*Pamph. L.* 1898, *p.* 120, as amended *Pamph. L.* 1901, *p.* 395), provides that such society shall, at each of its annual meetings, recommend to the governor for appointment as a member of the State Board of Registration and Examination in Dentistry, a dentist. *whom the governor shall appoint* a member of such board : that such society adopted a constitution and by-laws which provide for the election of a president, secretary and treasurer, and the selection of a nominee for such board, at a stated annual meeting : that at or about the time of such meeting in July, 1911, two bodies, each claiming to be the society, met and one elected or attempted to elect one set of such officers and a nominee for such board, and the other another set of officers and another nominee for such board ; that the governor has declined to ap-

point either nominee certified to him by the respective sets of officers until the legality of their respective nominations shall be determined.  *Held*—

(1) That, since section two of the act to regulate the practice of dentistry in effect constitutes the society as the appointing power of members of the board having entire control, as the agent of the state, of the practice of dentistry in the state, the society is in this aspect a public corporation, and its executive officers are public officers having public functions connected with the government of the state.

(2) That, by the common law, which no statute has abridged in this respect, the attorney-general, *ex officio*, and on behalf of the state, has power to bring in question, by an information in the nature of a *quo warranto*, the right of persons to the respective offices of president, secretary and treasurer of such society.

(3) That such informations are not' rendered invalid by the fact that they are not directed to the nominees of the state dentistry board.

(4) That proper practice does not permit the attorney-general to join two different persons as respondents in one and the same information of this character, except in cases where the rights involved, and the proof in support of them, are substantially the same.

(5) That, when such an information sets up separately the facts as to the election of each respondent, and calls upon him to show by what warrant *he* claims the office, upon the objection of one of the respondents to such improper joinder, the court may order a severance.

· On informations in the nature of *quo warranto*.

Before Justices TRENCHARD, PARKER and MINTURN.

For the informant, *Edmund Wilson*, attorney-general, and *Edward M. Colie.*

For the respondents, William W. Hawke, Charles A. Meeker and Henry A. Hull, *McCarter & English*.

The opinion of the court was delivered by

TRENCHARD, J.   These three informations were filed by the attorney-general, *ex officio*, and on behalf of the state, one against two persons each claiming to be president of the New Jersey State Dental Society; one against two persons each claiming to be the secretary of such society; and one against

two persons each claiming to be the treasurer of such society; each calling upon the respondents to answer by what warrant they and each of them claim to have, use and enjoy such offices.

The informations are alike, excepting such changes of names and descriptions of offices as results from the different official positions involved in the respective informations.

Notices of motions to quash were given on behalf of the respondents, William W. Hawke, Charles A. Meeker and Henry A. Hull, one set of officers claiming to be respectively the president, secretary and treasurer of the said society, and the attorney-general has given notices of motions to dismiss the motions to quash.

There is thus presented simply the question of the right and power of the attorney-general, *ex officio,* and on behalf of the state to file the informations in question, and it is quite evident that an early decision is imperative.

We are of opinion that the attorney-general, *ex officio,* and on behalf of the state, has the power to bring in question, by an information in the nature of a *quo warranto,* the right of the respondents to the respective offices of president, secretary and treasurer of the New Jersey State Dental Society.

By inspection of the informations it appears that the New Jersey State Dental Society was incorporated in 1873 by an act of the legislature (*Pamph. L.* 1873, *p.* 932) ; that section 2 of an act to regulate the practice of dentistry (*Pamph. L.* 1898, *p.* 120, as amended *Pamph. L.* 1901, *p.* 395) provides that such society shall, at each of its annual meetings, recommend to the governor for appointment as a member of the State Board of Registration and Examination in Dentistry, a dentist, *whom the governor shall appoint* a member of such board, and that such board shall annually report its proceedings to the society; that such society adopted a constitution and by-laws which provide for the election of a president, secretary and treasurer, and the selection of a nominee for such board, at a stated annual meeting; that at or about the time of such meeting in July, 1911, two bodies, each claiming to be the society, met and one elected or attempted to elect one set.

of such officers and a nominee for such board, and the other another set of such officers and another nominee for such board; that the governor of the State of New Jersey has declined to appoint either nominee certified to him by the respective sets of officers until the legality of their respective nominations shall be determined.

We think that by section 2 of the act to regulate the practice of dentistry, which becomes, for the purpose of construction, a part of the statute creating the New Jersey State Dental Society, that society becomes the appointing power, appointing, in effect, annually, a member of the State Dentistry Board, which has entire control, as agent of the state, of the practice of dentistry in this state.

The society is, therefore, in this aspect, a public corporation, and its executive officers are public officers, having public functions connected with the government of the state.

Confessedly, these informations are filed in pursuance of the common law powers of the attorney-general.

By the common law, which no statute of this state has abridged in this respect, the attorney-general, *ex officio,* and on behalf of the state, has power to bring in question, by an information in the nature of a *quo warranto,* the rights of persons to the respective offices of president, secretary and treasurer of such society. *Attorney-General* v. *Delaware, &c., Railroad Co.,* 9 *Vroom* 282.

And the informations are not rendered invalid by the fact that they are not directed to the nominees of the State Dentistry Board. The right to file the information is wholly independent of that question and results from the power of the society to nominate the member of the state board, whom the governor must appoint.

We think that proper practice does not permit the attorney-general to join two different persons as respondents in one and the same information of this character, except in cases where the rights involved, and the proof in support of them, are substantially the same. Such was the rule at common law (*High Extr. Rem.* (3d ed.) 661), and these cases apparently do not fall within the exception stated.

But this should not result in quashing the informations. There may be a severance in each case without embarrassment, as each sets up separately the facts as to the election of each respondent, and calls upon him to show by what warrant *he* claims the office.

Upon the filing by the attorney-general of appropriate pleadings resulting in such severance in each case, the attorney-general may enter a rule denying the motion to quash the information in each case.

No costs will be allowed either party as against the other.