IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1919.

---

JOHN MacLAUGHLIN, RESPONDENT, v. LEHIGH VALLEY
RAILROAD COMPANY, APPELLANT.

Submitted July 3, 1919—Decided November 7, 1919.

1. To entitle a party to maintain an action for malicious prosecution, he must show that the prosecution of which he complains has ended and that its determination has been in his favor. The entry of a *nolle prosequi* or the rejection of a complaint by the grand jury puts an end to the particular prosecution within the meaning of this rule.

2. Where, on the trial of an action for malicious prosecution, the question of the existence or non-existence of probable cause depends upon facts not controverted, that question is one of law to be determined by the court, and not one to be submitted to the jury.

3. Plaintiff was arrested by a police officer, acting as the representative of one of the departments of the city government, and charged with a robbery from defendant company's freight cars, and all the subsequent proceedings against him were taken by the public authorities in the ordinary routine steps by which a criminal charge is brought to the attention of the grand jury. *Held*, that the prosecution, alleged by the plaintiff to have been malicious, was not instituted by defendant company.

On appeal from Hudson County Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *George S. Hobart* and *Edward A. Markley.*

For the respondent, *John Warren.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.' This appeal brings up for review a judgment in favor of the plaintiff in an action for malicious prosecution. The trial court refused to nonsuit, or direct a verdict in favor of the defendant, and these refusals are made the grounds of appeal. The question to be determined, therefore, is whether the plaintiff was entitled to go to the jury.

The undisputed facts in the case were as follows: On the night of December 19th, 1916, certain parties broke into a freight car of the defendant company standing on a siding in Jersey City, and stole therefrom several rolls of leather: Two members of the defendant company's detective police—Timms and Bernstock—were on duty at the point where the robbery occurred and saw the breaking into and looting of the car. They telephoned notice of the occurrence to police headquarters, and then undertook themselves to arrest the robbers, but after a running fight, in which a number of shots were exchanged, the robbers escaped. Subsequent to the occurrence, the two detectives had an interview with one of the police captains of Jersey City, and the latter, from a description given by the detectives of the parties who looted the car, concluded that the plaintiff was one of the members of the party and ordered his arrest. The arrest was made by a member of the Jersey City police force, and when the plaintiff was brought to headquarters he was identified, both by Timms and Bernstock, as one of the party of thieves. Plaintiff was thereupon taken to the city prison, but was afterward released on

bail until December 23d, when a hearing was had on the charge against him, and he was held to await the action of the grand jury. That body indicted him as one of the participants in the robbery; he pleaded not guilty; the case was set down for trial, and adjourned from time to time, and finally a *nolle prosequi* was entered on the indictment by the prosecutor of the pleas because of his inability to produce either Timms or Bernstock as witnesses, both of them having removed from the state. The present suit was then instituted.

The first ground upon which it is contended the case should have been taken from the jury is that there was no evidence that the alleged malicious prosecution had terminated favorably to the plaintiff, and the argument is that the entry of a *nolle prosequi* was not a termination of the prosecution. It is, of course, entirely settled that to entitle a party to maintain an action of this character he must show that the prosecution of which he complains has ended, and that its determination has been in his favor. But this rule applies only to the particular proceeding complained of; it does not bar the party unless he can further show that he is no longer liable to be prosecuted for the same offence charged in that proceeding. In other words, it does not require him to prove an acquittal of that charge. And, so, recognizing the limitation of the rule, it was declared by this court in the case of *Potter* v. *Casterline,* 41 *N. J. L.* 22, 26, that the entry of a *nolle prosequi,* or the rejection of a complaint by the grand jury, put an end to the particular prosecution, within the meaning of the rule appealed to. To the same effect is *Apgar* v. *Woolston,* 43 *Id.* 57, 65.

It is further contended that the case should have been taken from the jury because, upon the uncontroverted facts in the case, the defendant company had probable cause for the institution of the proceedings against the plaintiff, and that, this being so, no liability rested upon it to answer in damages to him for his arrest and subsequent prosecution. If it be true that the question of the existence or non-existence of probable cause depends upon facts not controverted, that question was one of law to be determined by the court, and not one to be

submitted to the jury. *Vladar* v. *Klopman,* 89 *N. J. L.* 575. We are to determine, therefore, whether the defendant had a reasonable justification for causing the arrest and prosecution of the plaintiff on the uncontroverted testimony in the case. We think it had. It was undisputed that its car had been broken into by thieves and the contents stolen therefrom; that this felonious act had been observed by two members of its detective force; that they had reported the occurrence to the chief of police of Jersey City, and had given him as best they could a description of the parties; that from that description he concluded the plaintiff was one of the robbers and caused his arrest; and that when he was produced at headquarters he was identified by both of these detectives, Timms and Bernstock. The defendant had no reason to doubt the honesty of any of the parties concerned in the arrest, either its own employes or the members of the city police force, and it therefore had a right to assume their good faith. Not only do the facts recited show a probable cause for the prosecution of the plaintiff, but they would have justified his conviction of the charge laid against him if, on the trial of the indictment, they had remained uncontroverted. It is suggested on behalf of the plaintiff that Timms and Bernstock were guilty of deception in their identification; that they kept back facts which would have tended to exonerate the plaintiff from the charge laid against him. Even if this be true, the fact can have no bearing upon the question whether the defendant had probable cause for its action, for, as already stated, it is not even suggested that it had knowledge of the alleged dishonesty of its employes when it caused these proceedings to be taken against the plaintiff; nor can it be said, as a matter of law, that these two detectives were acting within the scope of their employment when they fraudulently withheld facts from the police department of Jersey City, and that for this reason their dishonest conduct is attributable to the defendant. *Hartdorn* v. *Webb Manufacturing Co.,* 89 *N. J. L.* 262.

What has been said is based upon the theory upon which the plaintiff's case was rested, namely, that the alleged ma-

licious prosecution of which he complains was instituted by the defendant. But our examination of the proofs in the case fails to disclose anything which will support this contention. The defendant company's two detectives reported the robbery to police headquarters at Jersey City, and described the occurrence to the officer in charge; he, thereupon, acting as the representative of one of the departments of the city government, and not at all as the agent of the defendant company, caused the arrest of the plaintiff and his confinement in prison. It appears that the complaint then made against the plaintiff was made by a member of the city police force, and there is nothing in the case to show that the defendant was responsible for the making of that complaint. So, too, the hearing before the police magistrate, and the bonding of the plaintiff to appear before the grand jury, were not at the instigation of the defendant; nor were the parties responsible for these various steps in the proceeding (all members of the police force) in any way acting as representatives of the defendant. Nor is there anything in the evidence which will support the conclusion that the defendant company had anything to do with the action of the grand jury in finding the indictment. For all that appears to the contrary, the plaintiff having been held by the police magistrate to appear before the grand jury, the proceedings subsequent thereto were all the ordinary routine steps by which a criminal charge is brought to the attention of a grand jury for its investigation and action.

The views which we have expressed upon both of these matters lead to the conclusion that the judgment under review should be reversed.