221 N.J. Super. 54 (1987)
533 A.2d 974
BARBARA PIPER, PLAINTIFF-APPELLANT,
v.
GERALD J. SCHER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 30, 1987.
Decided October 29, 1987.
*56 Before Judges FURMAN, BRODY and SCALERA.
Diane M. Lucianna argued the cause for appellant (Lucianna, Bierman and Stillman, attorneys, Diane M. Lucianna, of counsel and on the brief).
Michael B. Wallstein argued the cause for respondent (Gelman and McNish, attorneys, Jill L. McNish, of counsel, Michael B. Wallstein, on the brief).
The opinion of the court was delivered by SCALERA, J.A.D.
The narrow issue presented here is whether, in a malicious prosecution action, defendant's voluntary termination or abandonment of the underlying criminal action, without any agreement with or other prejudicial misconduct by the plaintiff, may constitute a favorable termination of the criminal proceedings, one of the elements of such a cause of action. We determine the answer to that question affirmatively.
The filing of the instant complaint by plaintiff against defendant for malicious prosecution and defamation arose out of an incident which occurred on May 20, 1985. Plaintiff, Barbara Piper, had previously leased a furnished house to defendant, Gerald J. Scher. On that date, she went to the house to show it to prospective purchasers and gained admittance in the presence of defendant's fiancee. Defendant eventually arrived on the premises.
Later that day defendant filed criminal complaints against plaintiff charging her with criminal trespass onto the premises and theft of cash, a coin collection, jewelry, camera equipment and clocks. Apparently plaintiff was consequently arrested, fingerprinted and photographed and the arrest was reported in *57 a local newspaper. A hearing at the municipal court was scheduled for May 22, 1985 at which time defendant withdrew the complaints against her, allegedly based on the advice of his attorney.
Two months later plaintiff instituted the present action to recover damages. The first count sounded in malicious prosecution and is based on her contention that she was "exonerated" of the criminal charges. The second count was based on the alleged defamatory statements made by defendant during the course of the criminal charges lodged against her. Other counts to recover rent arrearages and for damage done to the property are not implicated here.
After depositions of both parties were taken the defendant moved for summary judgment on the first two counts. With respect to the malicious prosecution defendant asserted that the criminal charges had been withdrawn by him pursuant to an agreement with plaintiff and that, in any event, even absent such an agreement, his unilateral and voluntary termination or withdrawal of the charges deprives plaintiff of the ability to show a favorable termination of the underlying criminal proceedings. Regarding the defamation, defendant asserted that since the claim was based solely upon the criminal complaints filed, which were absolutely privileged, he was entitled to dismissal as a matter of law.
After hearing oral argument, the trial judge dismissed both the malicious prosecution and defamation actions. She reasoned with respect to the malicious prosecution that,
"The complaint ... was withdrawn and therefore Mondrow v. Selwyn, [172 N.J. Super. 379 (App.Div. 1980)] applies, and one of the basic elements of the tort of malicious prosecution is missing."
Thus she held that even if the criminal complaints had been unilaterally voluntarily withdrawn by defendant, without any agreement with plaintiff, as a matter of law, plaintiff could not establish that there had been a favorable termination. With respect to the defamation action she concluded that since plaintiff (according to her answers to interrogatories) was relying *58 solely upon the criminal complaints filed against her which were absolutely privileged, the action could not lie, citing Lone v. Brown, 199 N.J. Super. 420, 426 (App.Div. 1985), appeal dismissed 103 N.J. 480 (1986).
Plaintiff asserts that the trial judge applied erroneous principles of law in dismissing those actions and further contends a genuine issue of material fact existed concerning the circumstances under which defendant filed the complaints and then withdrew the criminal charges against her.
It is settled that malicious prosecution "is not a favored cause of action because of the policy that people should not be inhibited in seeking redress in the courts." The Penwag Property Co., Inc. v. Landau, 76 N.J. 595, 597-598 (1978). One may successfully maintain such an action only upon demonstrating that the criminal action was brought without reasonable or probable cause, that it was actuated by malice, that plaintiff suffered a special grievance and that the criminal proceeding terminated favorably to the plaintiff as indicated in Penwag. at 598. Cf. Restatement, Torts 2d, § 653(b) at 406 (1976).
In Mondrow v. Selwyn, 172 N.J. Super. 379 (App.Div. 1980), certif. den. 84 N.J. 449 (1980), we expounded upon the principle that,
All authorities agree that a favorable termination of the criminal proceeding is elemental to the maintenance of the cause of action. [Citations omitted]. If the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused, the termination is viewed as indecisive and insufficient to support the cause of action. Restatement, Torts 2d, § 660(a) at 419 (1977). Having compromised for his peace in the criminal proceeding, the accused may not later contend that the proceedings terminated in his favor. Id. at comment (c), § 660 at 420 (1977); [Citations omitted] [172 N.J. Super. at 384-385].
In the Mondrow case, it was undisputed that the underlying criminal charges were dismissed without a hearing by virtue of an agreement between the attorneys and with all of the parties' approval. Hence, we determined that such termination could *59 not be considered as one favorable to plaintiff. See Prosser and Keeton on Torts (5th ed. 1984), § 119 at 874.
However, in the instant case, the trial judge specifically elected not to consider as a basis for the dismissal, the defendant's allegation that the termination had been based on an agreement with the plaintiff. Rather she decided that, as a matter of law, an unconditional and unilateral withdrawal or abandonment of the charges by defendant does not constitute a favorable termination. We are unable to agree with such a conclusion.
When one considers that such an action may take place after the plaintiff has been subjected to arrest, fingerprinting, photographing, adverse publicity, the hiring of counsel, preparation for trial and the like, with their attendant stresses, the unfairness of such a proposition is clearly revealed. Mondrow simply did not address the precise issue presented here and consequently the trial judge erred in applying the holding in that case. In our view, where the defendant independently and unilaterally withdraws a prosecution otherwise maliciously filed without probable cause, and said action takes place independently of any agreement or misconduct by or request of the plaintiff, a malicious prosecution action may be sustained if the necessary special grievance is demonstrated. Restatement, Torts 2d, supra, § 660 at 419; Prosser and Keeton on Torts, supra, § 119 at 874 et seq. Cf. Mayflower Industries v. Thor Corp., 15 N.J. Super. 139 (Ch. 1951), aff'd 9 N.J. 605 (1952).
Decisions reached in other jurisdictions lend support to this conclusion. For example, see Nelson v. Miller, 227 Kan. 271, 607 P.2d 438, 446 (1980), appeal after remand 233 Kan. 122, 660 P.2d 1361 (1983); Rose v. Whitbeck, 277 Or. 791, 562 P.2d 188, 192 (1977), mod. and reh'g. den. 278 Or. 463, 564 P.2d 671 (1977); Survis v. A.Y. McDonald Mfg. Co., 224 Minn. 479, *60 28 N.W.2d 720, 727 (1947). See also Harper and James, The Law of Torts, § 4.4 at 307 (1956). Accordingly, we vacate the dismissal entered as to that cause of action and remand for further proceedings not inconsistent with this opinion. As previously indicated, if defendant successfully proves that the prosecution was terminated as a result of a compromise agreement as occurred in Mondrow, then the cause of action would be barred. It follows that where, as here, it appears that there is a factual dispute regarding this element it should be resolved by the trier of facts, Williams v. Page, 160 N.J. Super. 354, 361 (App.Div. 1978), certif. den. 78 N.J. 395 (1978). See also Ruvolo v. American Cas. Co., 39 N.J. 490, 499 (1963); R. 4:46-2.
However, with respect to the dismissal of the claim for defamation, the record shows clearly that plaintiff elected to base that solely upon the criminal complaints signed by the defendant. It is well settled, that such documents are absolutely privileged. Lone v. Brown, supra, 199 N.J. Super. at 426. See also Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552, 558 (1955) and Genito v. Rabinowitz, 93 N.J. Super. 225, 229 (App.Div. 1966). The justification for the privilege is posited on the public interest in affording to all persons freedom of access to the courts in all manners of litigation. Prosser and Keeton on Torts, supra, § 114 at 817. See also Restatement, Torts 2d, supra, § 587 at 248. Accordingly, the trial judge correctly granted summary judgment dismissing this aspect of the litigation in light of the fact that no genuine issue of material fact with respect thereto had been demonstrated by plaintiff at that posture. R. 4:46-2. Cf. Dijkstra v. Westerink, 168 N.J. Super. 128 (App.Div. 1979), certif. den. 81 N.J. 329 (1979).
In sum, we reverse in part and remand for further proceeding on the malicious prosecution cause of action but affirm the judgment of dismissal relating to the defamation action.