248 N.J. Super. 80 (1991)
590 A.2d 249
MILTON RUBIN, PLAINTIFF-APPELLANT,
v.
ALLAN NOWAK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 23, 1991.
Decided May 8, 1991.
*81 Before Judges ANTELL, O'BRIEN and KEEFE.
Carl D. Poplar, attorney for appellant (John C. Eastlack, Jr., on the brief).
Schaeffer, Dorfman, Bishop & Lazaroff, attorneys for respondent (Brian P. Meehan, on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
*82 In this action for malicious prosecution plaintiff appeals from a jury verdict in favor of defendant. The suit was based upon nine criminal complaints filed by defendant against plaintiff because of disagreements arising out of the dissolution of their business partnership. The complaints were later administratively dismissed by the Camden County Prosecutor without presentation to the grand jury. At trial, the court ruled that the administrative dismissals did not constitute a favorable termination of the criminal proceedings and would not allow the jury to consider them. The court also dismissed the eight counts of the complaint that were based upon those dismissed criminal charges. The sole count submitted to the jury, resulting in a verdict for defendant, was grounded in the criminal complaint on which plaintiff was tried and acquitted. Plaintiff contends that the court erred in refusing to treat the administrative dismissals as a favorable termination.
An action for malicious prosecution may be maintained only where it is shown that the criminal action was brought without probable cause, that it was actuated by malice, that plaintiff suffered a special grievance, and that the criminal proceedings terminated favorably to the plaintiff. Penwag Property Co., Inc. v. Landau, 76 N.J. 595, 598, 388 A.2d 1265 (1978). Favorable termination of the criminal proceeding is elemental to the cause of action. Piper v. Scher, 221 N.J. Super. 54, 58, 533 A.2d 974 (App.Div. 1987); Mondrow v. Selwyn, 172 N.J. Super. 379, 384, 412 A.2d 447 (App.Div.), certif. denied, 84 N.J. 449, 420 A.2d 347 (1980). The question as to whether an administrative dismissal is a favorable termination has not yet been decided in this state.
In Weisner v. Hansen, 81 N.J.L. 601, 603, 80 A. 455 (E. & A. 1911), the Court decided that the failure of a grand jury to return an indictment was a termination sufficient to support a suit for malicious prosecution. See also Mondrow v. Selwyn, 172 N.J. Super. at 385, 412 A.2d 447; Apgar v. Woolston, 43 *83 N.J.L. 57, 65 (Sup.Ct. 1881). In MacLaughlin v. Lehigh Valley R.R. Co., 93 N.J.L. 263, 108 A. 309 (Sup.Ct. 1919), a nolle prosequi by the prosecutor was held to constitute a favorable termination. In Piper v. Scher, supra, it was held that an unconditional withdrawal of the charge by the defendant is also a favorable termination. 221 N.J. Super. at 59, 533 A.2d 974.
But there is no favorable termination where the complaint was withdrawn pursuant to an agreement of compromise with the accused, Mondrow v. Selwyn, 172 N.J. Super. at 387, 412 A.2d 447, or where the criminal proceeding was dismissed because of the accused's insanity, Williams v. Page, 160 N.J. Super. 354, 363-64, 389 A.2d 1012 (App.Div.), certif. denied, 78 N.J. 395, 396 A.2d 582 (1978), or because the accused was accepted in a pretrial intervention program, Lindes v. Sutter, 621 F. Supp. 1197, 1201 (D.N.J. 1985); Thomas v. New Jersey Institute of Technology, 178 N.J. Super. 60, 62, 427 A.2d 1142 (Law Div. 1981). The inquiry thus focuses on whether the termination was or was not dispositive as to the accused's innocence of the crime for which he was charged. In the latter cases termination of the prosecution did not dispose of that cardinal issue.
Restatement, Second, Torts, § 659 states that "[c]riminal proceedings are terminated in favor of the accused by ... the formal abandonment of the proceedings by the public prosecutor...." This is subject, however, to the conditions stated in § 660 that the prosecution not be abandoned "pursuant to an agreement of compromise with the accused; or ... because of misconduct on the part of the accused or in his behalf for the purpose of preventing proper trial," that it not be "abandoned out of mercy requested or accepted by the accused," and that new proceedings for the same offense are not pending. These standards are compatible with the principles underlying New Jersey precedents as to what constitutes a favorable termination.
*84 The power of the prosecutor to enter an administrative dismissal of a complaint derives from R. 3:25-1, which states:
A complaint may also be administratively dismissed by the prosecuting attorney, without presentation to the grand jury, in which event said prosecuting attorney shall report the dismissal and the basis therefor to the Assignment Judge and shall notify the defendant.
We conclude that an administrative dismissal is a favorable termination of a criminal proceeding for purposes of a malicious prosecution action. Disagreements as to the actual circumstances of the withdrawal or abandonment of the prosecution must be resolved by the trier of facts. Piper v. Scher, 221 N.J. Super. at 60, 533 A.2d 974; Williams v. Page, 160 N.J. Super. 354, 361, 389 A.2d 1012 (App.Div. 1978), certif. denied, 78 N.J. 395, 396 A.2d 582 (1978).
Here, the trial court should have submitted to the jury those counts of the complaint that were based upon the administratively dismissed prosecutions. The criminal complaints were dismissed by the chief law enforcement officer of the county, whose duty it is to prosecute the criminal business of the State with all reasonable and lawful diligence. State v. Winne, 12 N.J. 152, 174, 96 A.2d 63 (1953). We have been led to nothing in the record to suggest that the prosecutor acted as he did for any reason other than a careful determination of plaintiff's innocence. The burden of negating all the conjectural reasons that could militate against the finding of a favorable termination will not be imposed upon plaintiff. Such possibilities will be better raised by affirmative proof, if there is any, offered by defendant to overcome the presumption of favorable termination. Williams v. Page, supra, 160 N.J. Super. at 361, 389 A.2d 1012.
It should be noted that none of defendant's legitimate interests is threatened by recognizing the administrative dismissals as a favorable termination. Apart from establishing plaintiff's innocence as an element of the cause of action, the rule requiring a favorable termination protects the complainant in a criminal prosecution from having to defend a civil suit while the *85 criminal case is pending. Apgar v. Woolston, supra, 43 N.J.L. at 60. It also allows for the possibility that, despite the defendant's original filing of a complaint without probable cause, the prosecutor will succeed in shoring up the proofs, thereby establishing the accused's guilt and protecting his accuser from civil liability. These safeguards have now all been secured to defendant by the strict, separate requirements for maintaining an action for malicious prosecution, and we discern no sound policy to be advanced by continuing indefinitely defendant's immunity to civil liability.
On the other hand, if a criminal prosecution is not favorably terminated by an administrative dismissal, it would mean that such an inconclusive termination would permanently deprive a wrongly accused plaintiff of his cause of action, no matter how compelling its merits. Once the prosecution is dismissed it would no longer be possible for the accused to obtain any other form of vindication. The irony of this is that it is precisely in those cases where the proof of probable cause is most wanting that the prosecutor will probably be inclined to invoke an administrative dismissal, thus denying the accused a remedy when it is most deserved.
For the guidance of the trial court on retrial, we note that the fact of a favorable termination sheds no light on the existence of probable cause at the time of the initial complaint. Notwithstanding a favorable termination of the criminal proceeding, the burden remains on plaintiff to demonstrate by independent proof that the criminal complaint was filed without probable cause. Shoemaker v. Shoemaker, 11 N.J. Super. 471, 476, 78 A.2d 605 (App.Div. 1951); Apgar v. Woolston, supra, 43 N.J.L. at 60.
Reversed and remanded for further proceedings consistent with this opinion.