

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2002

# Oliveira v. Irvington Police

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-3642

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Oliveira v. Irvington Police" (2002). *2002 Decisions.* Paper 445.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/445

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 00-3642


FRANK PASCUCCI, SERGEANT,
                              Appellant

                    v.

        THE TOWNSHIP OF IRVINGTON;
      THE IRVINGTON POLICE DEPARTMENT;
          KEVIN HUGHES, OFFICER;
         GEORGE VENTURI, CAPTAIN;
         STEVEN PALAMARA, CHIEF;
      JOHN DOES 1-10, (representing one
         or more unknown defendants)


       On Appeal from the United States District Court
              for the District of New Jersey
               (D.C. Civil No. 98-cv-00965)
        District Judge:  Hon. William G. Bassler


        Submitted Under Third Circuit LAR 34.1(a)
                    July 22, 2002

     Before:  SLOVITER, NYGAARD, and BARRY, Circuit Judges

                 (Filed : July 25, 2002)



                  OPINION OF THE COURT
 SLOVITER, Circuit Judge.

     This appeal arises out of an action filed by Appellant Frank Pascucci in the United States District Court for the District of New Jersey against the Township of Irvington, the Irvington Police Department, and officers of that Department.  Pascucci alleges employment discrimination in violation of 42 U.S.C.  1983, the New Jersey Constitution, the New Jersey Law Against Discrimination, the New Jersey Tort Claims Act, and various other state law claims.  In addition to the Township and the Police Department, Pascucci, a former member of the Irvington Police Department, named as defendants Officer Kevin Hughes, Captain George Venturi, Chief Steven Palamara, and Deputy Chief James Galfy.  Pascucci's complaint was consolidated in the District Court with that of two other Irvington police officers, Jaime Oliveira and Ladimir Tavares, whose appeal is also before this court.

     The defendants moved for summary judgment on all claims.  The District Court granted the motion as to Pascucci's claims of malicious prosecution, negligent supervision, respondeat superior, tortious interference with economic advantage, harassment and retaliation, and violation of  1983.  The District Court denied the motion for summary judgment as to several state law claims, but dismissed those claims without prejudice to plaintiff's refiling them in state court.  Pascucci appeals the grant of summary judgment.  We will affirm.                          II.
                       DISCUSSION

Inasmuch as we are writing a not precedential opinion and this is only for the benefit of the parties who are fully aware of the extensive facts and background of this case we see no need to recapitulate them. The issues raised by Pascucci's appeal are:

1. Whether the District Court erred in its determination that Pascucci failed to meet the threshold requirements of the New Jersey Tort Claims Act;

2. Whether the District Court improperly granted summary judgment to Defendants Hughes and Venturi as to the claim of malicious prosecution;

3. Whether the District Court improperly granted summary judgment to Defendants on Pascucci's claims under the New Jersey Law Against Discrimination;

4. Whether the District Court improperly granted summary judgment to Defendants on Pascucci's 1983 claims; and

5. Whether the District Court improperly granted summary judgment to Defendants on Pascucci's claims of retaliation and harassment under N.J. Stat. Ann. 10:5-12 and 42 U.S.C. 1983.

We give plenary review to the grant of summary judgment, applying the same test as the District Court. See Crissman v. Dover Downs Entm't Inc., 289 F.3d 231, 233 (3d Cir. 2002) (en banc).

With respect to the first issue, we conclude that the District Court properly granted summary judgment to the defendants on Pascucci's claim under the New Jersey Tort Claims Act, N.J. Stat. Ann. 59:8-1 et seq. (2002), because Pascucci's injuries do not meet the threshold requirement of demonstrating permanent loss. Although Pascucci suffered from panic attacks, anxiety, depression, and insomnia, he has not shown any "permanent loss of a bodily function, permanent disfigurement or dismemberment,"as required by N.J. Stat. Ann. 59:9-2(d). The only evidence of permanence is the report of Pascucci's psychiatrist stating that "[t]here is a potential permanency . . . of about 15-20%, for some of [Pascucci's] symptoms, due to many factors both internal and external." App. at 210. This "potential" for the permanency of some of Pascucci's symptoms does not rise to the level of "a permanent loss of a bodily function that is substantial," and therefore this claim must fail. Ponte v. Overeem, 791 A.2d 1002, 1006-07 (N.J. 2002) (rejecting plaintiff's claim where her injury requiring knee surgery was not clearly permanent despite chronic pain at the time); see also Brooks v. Odom, 696 A.2d 619, 624 (N.J. 1997) (rejecting plaintiff's claim despite still experiencing pain and limitation of mobility in her neck and back that is permanent because she could still "function both in her employment and as a homemaker").

With respect to the second issue, we conclude that the District Court did not err when it dismissed Pascucci's claim of malicious prosecution against Defendants Hughes and Venturi. The District Court correctly concluded that Pascucci did not demonstrate the fourth prong of the test for malicious prosecution: that the criminal prosecution was "terminated favorably to the plaintiff." Lind v. Schmid, 337 A.2d 365, 368 (N.J. 1975).

Hughes voluntarily dismissed the charges that he brought against Pascucci, but he only did so conditionally. Hughes only agreed to drop the charges if Pascucci and Oliveira agreed not to file a criminal complaint against him. "[T]here is no favorable termination where the complaint was withdrawn pursuant to an agreement of compromise with the accused." Rubin v. Nowak, 590 A.2d 249, 250-51 (N.J. Super. Ct. App. Div. 1991) (citation omitted). Pascucci claims that he gave up nothing by agreeing not to file a criminal complaint against Hughes and thus, that there exists a material issue of fact as to whether there was an agreement of compromise. However, Hughes' apparent unwillingness to withdraw the charges without this concession by Pascucci qualifies as an agreement of compromise and does not require remand to the District Court. The fact that Pascucci may have known that he had no basis for bringing any criminal charges against Hughes does not alter the fact that there was an agreement, as it affects only what the agreement was worth to Pascucci. Pascucci has provided no authority to show that an individual's subjective value of a compromise plays a role in determining whether there was an agreement of compromise.

We further reject Pascucci's third claim that the District Court erred by dismissing his claims of a hostile work environment and conspiracy under the New Jersey Law Against Discrimination (NJLAD), N.J. Stat. Ann. 10:5-1 et seq. (2002), because there was no evidence that Pascucci was discriminated against based on his affiliation with members of a protected group, his co-plaintiffs Oliveira and Tavares, for whom the

District Court found genuine issues of material fact with respect to this claim. Pascucci concedes that he is not a member of a protected class but points to decisions that have allowed plaintiffs to receive the protection of the NJLAD when they were discriminated against because of their affiliation with members of a protected class. See O'Lone v. N.J. Dep't of Corrections, 712 A.2d 1177, 1180 (N.J. Super. Ct. App. Div. 1998) (upholding plaintiff's allegation of discrimination due to his association with his African-American girlfriend because "he suffered the same injury as a minority"). There was some evidence to support a claim of discrimination against Oliveira and Tavares, who were subjected to racial slurs. On the other hand, they were members of a protected group, whereas there is no evidence that Pascucci, their friend, was subject to a hostile work environment because of his friendship with them.

With respect to the fourth issue, we conclude that Pascucci did not have a claim under 42 U.S.C. 1983. The District Court concluded that Pascucci had not proven that the defendants' "'conduct violated some clearly established statutory or constitutional right.'" App. at 43 (quoting Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)). The District Court conducted a procedural and substantive due process analysis and determined that Pascucci had not been deprived of life, liberty, or property without due process of law. The District Court held that Pascucci had not shown any property interest in his employment, but that even if he had, he had not been denied that property interest nor was he a victim of "a government action that was arbitrary, irrational or tainted by improper motive." App. at 46 (quoting Woodwind Estates v. Gretkowski, 205 F.3d 118, 124 (3d Cir. 2000) (quotation omitted)).

As Pascucci points out, New Jersey law provides that "the employment of . . . members and officers [of a municipal police department] shall be indeterminate and continuous during good behavior and efficiency." N.J. Stat. Ann. 40A:14-128 (2002). To the extent that Pascucci left his employment voluntarily, he has not shown that he was deprived of his right to that employment. However, even if Pascucci has an identifiable property interest because his resignation stemmed from deprivations caused by the incident with Defendant Hughes, his claim against each defendant must still fail. Pascucci has presented no evidence that any official policy of the Township or Police Department was responsible for his injury. See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978) (stating that a local government entity is liable "when execution of [its] policy or custom . . . inflicts the injury"). Pascucci's own expert testified that he h no criticism of the policies of the Township and Police Department. Supp. App. at 204.

Further, the facts do not show that Defendants Venturi or Palamara violated department policies to discriminate against Pascucci. The evidence does not indicate that Venturi influenced Hughes' decision to file a criminal complaint, specifically, Hughes testified that Venturi "tried to discourage" him from filing. Supp. App. at 157. The standard operating procedures require that the county prosecutor be notified of the possibility of a criminal act by an officer, and that the police department must take "[n]o further action . . . including the filing of charges against the officer, until directed by th county prosecutor." App. at 140. Thus, once Hughes decided to act as a civilian and file a criminal complaint, Venturi and Palamara cannot be faulted for not investigating the matter. In addition, Venturi and Palamara did not violate any policies by not turning over to the prosecutor the prior police report indicating earlier damage to Hughes' vehicle because Pascucci and his lawyer had possession of that document and were in a position to turn that document over themselves. Venturi and Palamara's discretionary exercises of authority, not in violation of any clearly established statutory or constitutional right, are entitled to qualified immunity and the District Court was correct to grant summary judgment on this issue. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

With respect to the fifth and final issue raised by Pascucci, the District Court properly granted summary judgment as to Pascucci's claims of retaliation and harassment under the NJLAD and 42 U.S.C. 1983. Pascucci claims that after he filed the complaint in the instant matter, the Department retaliated against him by sending officers to his home to confirm his compliance with the sick leave rule and by filing frivolous disciplinary notices, culminating in Pascucci's inability to work. However, as explained above, Pascucci has not explained how the defendants did anything affirmatively to

deprive him of his rights or privileges under the Constitution.  Pascucci's doctor indicated that his disability was an outgrowth of the Hughes incident, and made no mention of harassment or retaliation as a cause.  The evidence also does not suggest that the home visits by Internal Affairs were unusual; to the contrary, they appear to be part of a policy applied to all officers on sick leave.  Supp. App. at 189, 252-68.  Finally, Pascucci did not contest his need to leave the Department due to his disability, undermining his claim of an adverse employment decision.  Thus, the evidence taken together does not support Pascucci's claim of retaliation or harassment.

IV.

CONCLUSION

For the reasons set forth herein, we will affirm the decision of the District Court denying in part and granting in part Defendants' summary judgment motion.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/Dolores K. Sloviter
Circuit Judge