

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2004

# Backof v. NJ State Police

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4131

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Backof v. NJ State Police" (2004). *2004 Decisions*. Paper 1006.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1006

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4131

DAVID E. BACKOF,

Appellant

v.

THE NEW JERSEY STATE POLICE; THE OCEAN COUNTY
PROSECUTOR'S OFFICE;
THE BUREAU OF ALCOHOL TOBACCO & FIREARMS; JOHN M. SOULIAS,
Detective; JAMES F. CORBLEY, Detective; ROBERT W. SCOTT,
Assistant Prosecutor; MARC E. ROESSLER, Assistant Prosecutor;
E. DAVID MILLARD, Ocean County Prosecutor; JOHN DOES, (1-100)

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 01-cv-02731)
District Judge: Honorable Garrett E. Brown, Jr.

Argued December 11, 2003

Before: AMBRO, FUENTES and GARTH, <u>Circuit Judges</u>

(Filed February 13, 2004)

William Strazza, Esq. (Argued)
Law Office of William Strazza
2004 Morris Avenue
P.O. Box 3806
Union, NJ 07083

*Attorney for Appellant*

Peter C. Harvey
  Acting Attorney General of New Jersey
Michael Haas
  Assistant Attorney General of Counsel
Melanie L. Armstrong (Argued)
  Deputy Attorney General
Office of Attorney General of New Jersey
Department of Law & Public Safety
Richard J. Hughes Justice Complex
Trenton, NJ 08625

*Attorneys for Appellees*

---

OPINION

---

AMBRO, Circuit Judge

David E. Backof appeals the District Court's dismissal of his § 1983 action. He alleges that Detectives John Soulias and James Corbley, members of the New Jersey State Police ("State Police"), violated his civil rights by maliciously prosecuting him for his purportedly unlawful acquisition of handguns. The parties agree that the applicable statute of limitations is two years but disagree as to when the cause of action accrued. We deal not only with whether Backof's claim is timely, but also with whether he has alleged all the requisites for a § 1983 claim based on malicious prosecution. Though we conclude Backof's complaint fails to allege necessary elements of a § 1983 malicious prosecution cause of action, what is necessary remains indistinct. In the context of

2

commenting on (without deciding) those requirements, we vacate the judgment and remand with instructions to allow amendment to the pleadings within a reasonable period.

## I. Factual and Procedural History

Backof, a gun collector, holds a State of New Jersey Firearms Purchaser Identification Card. Seventy-six handguns were legally registered to him as of early 1999. In February 1999, Backof arranged to trade firearms with Mark Fischer, whom he understood to be a licensed California gun dealer. Backof employed Donald Daughenbaugh, a licensed firearms dealer, to conduct the transaction. Backof sent Fischer several items, including a handgun and clips, a copy of Daughenbaugh's New Jersey Retail Firearms Dealer License and Federal Firearms License, and a letter describing the trade and instructing Fischer to send the designated weapons as well as two copies of his Federal Firearms License, one of which would go to the "dealer doing the transfer."

Shortly after receiving Backof's shipment, Fischer was arrested by agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). His home was searched pursuant to a search warrant, and the items sent by Backof were seized, along with the weapons intended for shipment to Backof.

ATF agents sought to obtain a search warrant for Backof's home. Their requests were denied by both the United States Attorney's Office in New Jersey and the Stafford

3

Police Department on the basis of Backof's reputation as a gun collector who complies strictly with federal and state firearm regulations. The agents subsequently attempted to procure a warrant from the Ocean County, New Jersey, Prosecutor's Office ("County Prosecutor's Office"). Upon inquiry with the Stafford Police Department, the County Prosecutor's Office was informed of Backof's reputation for compliance with the law. The County Prosecutor's Office, in turn, went to the State Police.

Defendant Corbley of the State Police led the investigation. In that capacity, he swore out an affidavit in support of a search warrant for Backof's home. Backof alleges that the facts cited in the affidavit provided insufficient evidence of criminal behavior. Moreover, Corbley had personal knowledge only of the fact that Backof did not have a New Jersey Retail Firearms Dealer License. A magistrate judge nonetheless issued a search warrant based on Corbley's affidavit. On March 12, 1999, ATF, the County Prosecutor's Office, and State Police personnel (including the defendants) executed the warrant and seized various items from Backof's home.

The same day, Backof was charged with violations of N.J.S.A. §§ 2C:58-3 and 2C:39-10(a) for unlawfully acquiring handguns. Defendant Soulias signed the complaint. Thereafter, the defendants purportedly communicated with Backof directly on two occasions despite knowing that he was represented by counsel who had instructed them not to do so. In the ensuing month, the State Police investigated the charges. An interview with Daughenbaugh supported Backof's description of the intended deal.

4

On April 14, 1999, Backof's attorney entered his notice of appearance, requested discovery (which he never received), and filed a motion to suppress. Backof was offered and refused a plea of probation. On May 20, 1999, he sought dismissal of the charge. The County Prosecutor's Office administratively dismissed the charge against him on June 8, 1999.

Following the administrative dismissal, Backof requested the return of his property. The Assistant Prosecutor did not respond to these requests. Backof's subsequent efforts to obtain relief were unsuccessful.

The current complaint was filed on June 8, 2001. One year later, the District Court entered Backof's voluntary dismissal of his complaint against the County Prosecutor's Office defendants. Defendants Corbley, Soulias, and the State Police then filed a Rule 56(c) motion to dismiss. Backof subsequently conceded that the State Police, as well as Corbley and Soulias in their official capacities, were not persons within the meaning of § 1983. The complaint was thus dismissed as to those parties. The only remaining defendants are Soulias and Corbley in their individual capacities. In October 2002 the District Court dismissed the complaints against Soulias and Corbley as being time-barred. Backof thereafter appealed.

The District Court's jurisdiction over this case stemmed from 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary

5

review of the District Court's order to dismiss.[1]  *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001).

## II. Discussion

### A. Overview

Backof's appeal addresses primarily whether the District Court correctly dismissed his claims as time-barred.  Resolving this issue entails a twofold inquiry: 1) whether Backof has properly alleged a § 1983 claim based on malicious prosecution; and 2) if so, when that cause of action accrues.  We take up these questions in reverse order (and, not surprisingly, with the easier question first).

### B. Statute of Limitations

It is well-settled that a § 1983 claim based on malicious prosecution does not accrue until proceedings against the criminal defendant are dismissed. *Smith v. Holtz*, 87 F.3d 108, 110 (3d Cir. 1996).  The applicable statute of limitations for § 1983 actions derives from the "general or residual [state] statute [of limitations] for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989).  The relevant statute of limitations under New Jersey law is the two-year statute of limitations applicable to personal injury

---

[1]We assume for the purposes of this opinion that the District Court dismissed Backof's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The "Third Circuit Rule" permits a court, under appropriate circumstances, to grant a Rule 12(b)(6) motion based on a limitations defense. *See, e.g., Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). While the defendants filed a "Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 56(c)," the District Court appears to have instead applied the 12(b)(6) standard. Given our disposition of the case, this procedural posture is irrelevant.

torts: N.J.S.A. § 2A:14-2. *See Cito v. Bridgewater Twp. Police Dept.*, 892 F.2d 23, 24 (3d Cir. 1989).

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court concluded that a claim for malicious prosecution cannot proceed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." A claim does not accrue "so long as the potential for a judgment in the pending criminal prosecution continues to exist." *Smith*, 87 F.3d at 110. Here there is no doubt that if a malicious prosecution has been pled adequately, it accrued on June 8, 1999, when the County Prosecutor's Office dismissed its charge against Backof.

## C. Elements of a § 1983 Malicious Prosecution Claim

As Backof's complaint was filed on June 8, 2001, a § 1983 malicious prosecution claim by him would be timely. But has Backof in fact presented a § 1983 malicious claim? Or has he merely dressed up some other, time-barred claim as a § 1983 malicious prosecution claim in order to evade the statute of limitations?[2] In considering these

---

[2]For example, Backof included a state law false arrest claim in his complaint, and he might have considered basing his § 1983 claim on false arrest had he not been precluded from doing so by the statute of limitations. Several courts, including the Second and Fifth Circuits, have held that § 1983 claims arising from false arrest and related Fourth and Fifth Amendment violations do not accrue until the plaintiff's conviction is overturned. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995); *Woods v. Candela*, 47 F.3d 545, 546 (2d Cir. 1995). But we explicitly rejected this argument in *Montgomery v. De Simone,* 159 F.3d 120, 126 n.5 (3d Cir. 1998) ("[The plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence. . . . Accordingly, we read *Heck* to be consistent with our determination that [her] false arrest and false

7

questions, we ask what precisely Backof was required to allege[3] to make out a well-pled claim for malicious prosecution.[4]

We would ordinarily begin this analysis by reciting the elements of a § 1983 malicious prosecution claim in our Circuit. Unfortunately, we have yet to delineate a concise test of that sort.[5] We have, however, identified several elements essential to a § 1983 malicious prosecution claim. At a minimum, a plaintiff must allege (1)

---

imprisonment claims accrued on the night of her arrest.").

[3]As a general matter, pleading requirements for § 1983 claims are quite permissive. In *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993), the Supreme Court held that a court may not apply a "heightened pleading standard" in § 1983 actions. While the holding explicitly encompassed only § 1983 actions against municipalities and left open the question whether the Supreme Court's qualified immunity jurisprudence would require heightened pleading in cases involving individual government officials, *id*. at 166-67, its logic appears to extend to all § 1983 actions. *See Loftus v. Southeastern Pa. Transp. Auth.*, 843 F. Supp. 981, 985 n.4 (E.D. Pa. 1994) (citing several District Court cases so holding). Thus, for example, in *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998), we cited *Leatherman* for the proposition that notice pleading is sufficient in § 1983 cases. While that case involved a private party who participated in a conspiracy with state officials, we did not distinguish among § 1983 cases for the purposes of the notice pleading rule.

[4]A plaintiff need not necessarily invoke the magic words "malicious prosecution." In fact, given the confusion surrounding this brand of § 1983 claim, some courts have ceased to use the term. *See, e.g.*, *Karam v. City of Burbank*, 352 F.3d 1188, 1191 (9th Cir. 2003) (referring to "§ 1983 claims that were predicated on an alleged violation of the Fourth Amendment," although the plaintiff "alleged 'malicious prosecution' in articulating her § 1983 claims").

[5]We are not alone. The Fifth Circuit recently assessed its own case law governing malicious prosecution claims under § 1983 as follows: "With hindsight, our precedent governing § 1983 malicious prosecution claims is a mix of misstatements and omissions which leads to . . . inconsistencies and difficulties." *Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003) (en banc).

deprivation of liberty (or perhaps some other constitutional right[6]) separate from

substantive due process, *Albright v. Oliver*, 510 U.S. 266, 271 n.4 (1994); (2) an absence

of probable cause for initiation of the criminal proceedings, *Montgomery v. De Simone*,

159 F.3d 120, 124 (1998); and (3) termination or reversal of criminal proceedings by

reason of the plaintiff's innocence,[7] *Heck v. Humphrey*, 512 U.S. at 484; *Smith*, 87 F.3d

at 110.

Backof has failed to allege at least the first of these necessary elements.[8] In order

---

[6]For example, Backof may seek to establish a denial of procedural due process. We suggested in *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998), that a Fourth Amendment violation is a necessary predicate to a § 1983 claim for malicious prosecution, though without holding that a violation of procedural due process would *not* support a malicious prosecution claim under § 1983. Eight days later, in *Torres v. McLaughlin*, 163 F.3d 169, 172 (3d Cir. 1998), we dealt with this issue and interpreted *Albright* as providing "that a section 1983 claim may be based on a constitutional provision other than the Fourth Amendment," including procedural due process. *Torres* was nonetheless decided on Fourth Amendment grounds.

[7]Backof must demonstrate that he is actually innocent. *Hector v. Watt*, 235 F.3d 154, 156 (3d Cir. 2000) (holding that a plaintiff in a § 1983 malicious prosecution action "must be innocent of the crime charged in the underlying prosecution").

[8]Backof has alleged the third element, albeit in minimal detail. Paragraphs 1 and 34 of his complaint note that the charges against him were administratively dismissed in June 1999. The Appellate Division of the New Jersey Superior Court has held, for purposes of New Jersey law, that "administrative dismissal is a favorable termination of a criminal proceeding for purposes of a malicious prosecution action. Disagreements as to the actual circumstances of the withdrawal or abandonment of the prosecution must be resolved by the trier of facts." *Rubin v. Nowak*, 590 A.2d 249, 251 (N.J. App. 1991). While the administrative dismissal may satisfy the actual innocence requirement, "not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably." *Hilfirty v. Shipman*, 91 F.3d 573, 579-80 (3d Cir. 1996) (disapproved on other grounds by *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782 (3d Cir. 2000)). Nonetheless, we assume that Backof has satisfied this requirement in the absence of

to state a claim for malicious prosecution under § 1983, Backof must allege deprivation of a qualifying constitutional right. *Donahue v. Gavin*, 280 F.3d 371, 378 (3d Cir. 2002). Following the Supreme Court's 1994 decision in *Albright*, we concluded that "prosecution without probable cause is not, in and of itself, a constitutional tort. Instead, the constitutional violation is the deprivation of liberty accompanying the prosecution. Thus . . . a plaintiff asserting a malicious prosecution claim must show some deprivation of liberty consistent with the concept of seizure." *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir. 1998) (internal quotations and citations omitted). In *Gallo*, the plaintiff was released on a personal recognizance bond. He was never arrested, detained, or handcuffed. As a condition of his release, however, he was prohibited from traveling outside New Jersey and Pennsylvania. Moreover, he was required to communicate with pretrial services on a weekly basis. Our Court concluded that these restraints on Gallo's liberty amounted to a seizure, though it deemed this "a close question." *Id*. at 222. Backof has not so far alleged similar restraints on his liberty.[9]

Not only must Backof demonstrate that he was deprived of a qualifying

---

evidence "to suggest that the prosecutor acted as he did for any reason other than a careful determination of plaintiff's innocence." *Rubin*, 590 A.2d at 251.

[9]Moreover, Backof has not adequately alleged that Corbley and Soulias participated in depriving him of his rights. While he named the two individuals as defendants, Backof did not describe their involvement in his prosecution. For example, he might have indicated in his complaint that Soulias signed the criminal summons and complaint. Backof's counsel suggested at oral argument that the defendants were otherwise involved in Backof's prosecution; if so, these facts should be set out in the amended complaint.

constitutional right under color of state law, but he also must prove that the county acted without probable cause in initiating criminal proceedings against him. *Montgomery*, 159 F.3d at 124. In framing his fifth cause of action—a state-law malicious prosecution claim—Backof alleged that "[t]here was no probable cause to either conduct the search of [his] home or to institute the criminal proceedings against him." He did not, however, incorporate this paragraph into his first or sixth causes of action, which are the causes of action pertaining to § 1983.

Whether Backof must also allege the common law elements of a malicious prosecution claim is a question for another day. Our law on this issue is unclear. In *Gallo*, 161 F.3d at 222 n.6, we suggested that "a plaintiff would not need to prove all of the common law elements of the tort in order to recover in federal court." Similarly, in *Smith*, 87 F.3d at 114, we cautioned that "*Heck* should not be read to incorporate all of the common law of malicious prosecution into the federal law governing civil rights cases of this kind." *See also Montgomery*, 159 F.3d at 124. We nonetheless recited a common law test without acknowledging the changed standard, post-*Albright,* in *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003):

> To prove malicious prosecution under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

11

Given that the twenty-three page opinion in *Marasco* contains but a one-paragraph discussion of the plaintiff's claim under § 1983, our quote may merely be *dictum*, still leaving uncertain what is required.[10]  As a practical matter, we urge Backof, in his amended complaint, to address each of the common law elements of malicious prosecution to the extent possible.

While Backof has not alleged all requisites of a § 1983 claim based on malicious prosecution, he nonetheless is shooting at an indeterminate target. In this context, we remand to allow, if in good faith possible, an amended pleading. While leave to amend pleadings under Federal Rule of Civil Procedure 15(a) is generally at the discretion of the trial court, *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court clarified in

---

[10]For example, there is uncertainty whether Backof must demonstrate that the defendants acted with malice.  In *Gallo*, 161 F.3d at 222 n.6, we specifically questioned the continuing validity of the malice requirement, reasoning that "if the harm alleged is a seizure lacking probable cause, it is unclear why a plaintiff would have to show that the police acted with malice."  In fact, the Fourth Circuit has gone so far as to conclude that Supreme Court precedent *prohibits* the consideration of malice.  The Court explained:

> We recognize that actual malice is an element of a malicious prosecution claim at common law.  And, common-law principles "provide the appropriate starting point for" determining the elements of § 1983 actions.  However, the Supreme Court has indicated that the reasonableness of a seizure under the Fourth Amendment should be analyzed from an objective perspective. . . . Thus, we conclude that the subjective state of mind of the defendant, whether good faith or ill will, is irrelevant in this context.

*Brooks v. City of Winston-Salem, North Carolina*, 85 F.3d 178, 184 n.5 (4th Cir. 1996) (internal citations omitted).

12

*Foman* that Federal Rule of Civil Procedure 15(a) ("leave shall be freely given when justice so requires") is to be construed liberally: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*. at 182. In this case, Backof did not move for leave to amend. We have held, however, that while "procedure[s] for obtaining leave to amend pleadings set forth in Rule 8 of the Fed. R. Civ. P. should generally be heeded, . . . rigid adherence to formalities and technicalities must give way before the policies underlying Rule 15." *Heyl & Patterson Intern., Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

### III. Conclusion

A § 1983 claim filed in New Jersey and based on malicious prosecution is timely if it is filed within two years of the dismissal of criminal charges. While we conclude that Backof's complaint does not currently allege sufficient facts to state a claim for malicious prosecution under § 1983, the facts he has supplied to our Court, properly formulated, might survive a motion to dismiss or for summary judgment. We therefore vacate the District Court's ruling and remand for it to permit Backof to amend his complaint.

Garth, Circuit Judge, concurring

The record in this case does not reveal any of the essential elements of a § 1983 malicious prosecution claim. *See Donahue v. Gavin,* 280 F.3d 371 (3d Cir. 2002); *Gallo*

13

*v. City of Philadelphia,* 161 F.3d 217 (3d Cir. 1998). Hence, it is not surprising that neither at oral argument nor in his brief did Backof assert these required elements. Accordingly, I have regarded his amended complaint as setting forth a classic, garden-variety state law claim.

Nonetheless, I am persuaded by the eloquent majority opinion to permit yet another attempt by Backof to make out a § 1983 malicious prosecution claim. So rather than deprive Backof of the opportunity to amend, I concur in the Court's judgment.